IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DONNA MARIE STEPHENSON,

    Plaintiff,

v.                                                   CASE NO. 1:09-cv-00221-MP-GRJ

MICHAEL J ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court is Defendant's Motion To Remand. (Doc. 28.) Defendant requests the Court to remand this case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings. Pursuant to Local Rule 7.1(b), counsel for Defendant represents that he has conferred with counsel for Plaintiff and Plaintiff does not object to the relief requested.

Title 42, United States Code, Section 405(g), empowers the Court to reverse the decision of the Commissioner with or without remanding the cause for a rehearing.[1] Where the district court cannot discern the basis for the Commissioner's decision, a sentence four remand may be appropriate to allow him to explain the basis for his decision.[2] On remand under sentence four, the administrative law judge ("ALJ") should review the case on a complete record, including any new material evidence.

Upon request of agency counsel, the Appeals Council has reconsidered the

---

[1] Shalala v. Schaefer, 509 U.S. 292 (1993).

[2] Falcon v. Heckler, 732 F.2d 827, 829-30 (11th Cir. 1984).

administrative decision and determined that remand is appropriate for a hearing and further development.

Following a careful review of the record the Court agrees that it is appropriate to remand this matter to the Commissioner. The ALJ's decision fails to provide sufficient reasoning for the Court to determine whether the Commissioner's decision to deny benefits is supported by substantial evidence.

Accordingly, it is respectfully **RECOMMENDED** that Defendant's Motion to Remand (Doc. 29) be **GRANTED**, and that the Commissioner's decision denying benefits to Plaintiff be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand the ALJ should be instructed to clarify Plaintiff's residual functional capacity, particularly with respect to Plaintiff's ability to finger, handle, reach, push, and pull. The ALJ also should be instructed to obtain additional, clarifying vocational expert testimony to determine whether Plaintiff can perform other work existing in the national economy The Clerk should be directed to enter judgment accordingly, terminate any pending motions, and close the file.

At Gainesville, Florida, this 6th day of January, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No: 1:09-cv-00221-MP-GRJ*