IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DONNA M STEPHENSON,

    Plaintiff,

v.                                                  CASE NO. 1:09-cv-00221-MP -GRJ

MICHAEL J ASTRUE,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 29, Report and Recommendation of the Magistrate Judge, which recommends that Defendant's Motion to Remand, Doc. 28, be granted, and that the Commissioner's decision denying benefits to Plaintiff be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). Pursuant to Local Rule 7.1(b), counsel for Defendant represents that he has conferred with counsel for Plaintiff and Plaintiff does not object to the relief requested. On remand, the ALJ should clarify Plaintiff's residual functional capacity, particularly with respect to Plaintiff's ability to finger, handle, reach, push, and pull. The ALJ also should obtain additional, clarifying vocational expert testimony to determine whether Plaintiff can perform other work existing in the national economy.

Absent a court order stating otherwise, a successful Plaintiff's counsel has fourteen days after final judgment to file a motion with the District Court requesting an award of attorney fees. Fed. R. Civ. P. 54(d)(2)(B). This Rule has been interpreted by the Eleventh Circuit to even apply to a request for fees to be paid from Plaintiff's past due benefits pursuant to 42 U.S.C. § 406(b)(1). *See Bergen v. Commissioner*, 454 F.3d 1273, 1277-78 (11th Cir. 2006). However,

Plaintiff's counsel in such a case will not know the amount of benefits - and therefore fees - until after the Commissioner awards benefits, which typically takes longer than fourteen days after the entry of judgment. Therefore, an extension of time to seek such fees is warranted, as was recommended by the *Bergen* opinion. *See id.* Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 29, is ADOPTED, and the motion to remand, Doc. 28, is GRANTED.

2. The Clerk is directed to enter judgment reversing the decision to deny benefits and remanding the case to the Commissioner for further proceedings consistent with this order.

3. Pursuant to *Bergen*, proceedings on attorney fees under the Social Security Act, 42 U.S.C. § 406(b) are stayed until the matter is fully adjudicated upon remand. The Plaintiff shall file a motion to award fees under § 406(b) within 30 days after counsel receives notice from the Defendant Commissioner as to Plaintiff's past due benefits.

4. This stay relates only to attorney fee proceedings under § 406(b) of the Social Security Act, not to attorney fee proceedings under the Equal Access to Justice Act, 28 U.S.C. § 2412, the latter of which may be adjudicated at this time.

**DONE AND ORDERED** this  *8th* day of February, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge